**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| EDWARD DENNIS RODGERS II, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:23-cv-00077-SRW |
| ) | |
| BUTLER COUNTY SHERRIF'S ) | |
| DEPARTMENT, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the application of self-represented Plaintiff Edward Dennis Rodgers II to proceed in the district court without prepaying fees and costs. Doc. [2]. The Court will grant the application and assess an initial partial filing fee of $3.58. Furthermore, for the following reasons, the Court will dismiss Plaintiff's Complaint as to Defendants the Butler County Sheriff's Department, Damien Smith, and Randal Huddleson, and will also dismiss Plaintiff's claims against Defendants in their official capacities, for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). The Court will order the Clerk of Court to issue process to Defendants Kellis Thompson and Dr. Christopher Montgomery in their individual capacities.

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action without prepayment of fees and costs is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of twenty percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for

the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted his inmate account ledger from the Missouri Department of Corrections from November 18, 2022 to April 13, 2023. Based on this information, the Court determines his average monthly deposit is $17.92. The Court will charge plaintiff an initial partial filing fee of $3.58, which is twenty percent of his average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed without full payment of the filing fee if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal

construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represent litigants are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

## The Complaint

Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983, alleging defendants violated his constitutional rights when they used unreasonable force to arrest him and failed to treat his serious medical condition while incarcerated at the Butler County Jail. Named as Defendants are the following: the Butler County Sheriff's Department; Officers Damien Smith, Randal Huddleson, and Kellis Thompson; and Dr. Christopher Montgomery. Plaintiff sues all Defendants in their individual and official capacities.

Plaintiff states that on November 13, 2020, he was driving himself to the emergency room for treatment of his right shoulder, which he had broken four hours before. On his way, he was pulled over at Feroni's Pawn Shop in Poplar Bluff, Missouri by Officer Kellis Thompson of the Butler County Sheriff's Department. Plaintiff does not state why he was pulled over and arrested, but he states that he asked Thompson to handcuff him in the front of his body to avoid exacerbating his broken right shoulder. Instead, Thompson twisted plaintiff's arm around to his back, palms up and out, and handcuffed him from behind. Plaintiff states that he also asked Thompson to take

him to the emergency room. Thompson did not take him to the emergency room. Instead, he transported him to, and booked him into, the Butler County Justice Center.

Plaintiff was housed at the Butler County Justice Center for two years. During this time, he was seen twice by Dr. Christopher Montgomery. Plaintiff states Dr. Montgomery denied his request for medical attention to get the bones of his shoulder fixed. Plaintiff alleges that on many occasions he was told his injuries were not life threatening, and he was denied medical treatment by sheriff's deputies. Because of this lack to treatment, Plaintiff states his shoulder has healed improperly and now requires surgery.

Plaintiff states his shoulder "pops back-and-forth" and he is in severe pain day and night. For relief, Plaintiff seeks $2 million for "negligence and pain and suffering." He also seeks compensation for future medical care.

## Discussion

*Butler County Sheriff's Department*

Plaintiff's claims against the Butler County Sheriff's Department must be dismissed. The Butler County Sheriff's Department is a department or subdivision of local government, and not a juridical entity, suable as such. *See Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir. 1992) (affirming dismissal of West Memphis Police Department and West Memphis Paramedic Services because they were "not juridical entities suable as such"); *see also Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (stating that "county jails are not legal entities amenable to suit"); *De La Garza v. Kandiyohi Cnty. Jail*, 18 Fed. App'x 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities). Because the Butler County Sheriff's Department is not a suable entity, the Court will dismiss Plaintiff's claims as to this Defendant without prejudice.

*Claims Brought Against Damien Smith, Randal Huddleson, Kellis Thompson, and Dr. Montgomery in Their Official Capacities*

Plaintiff also names individual Defendants who Plaintiff alleges were employees of the Butler County Sheriff's Department—Officers Damien Smith, Randal Huddleson, Kellis Thompson, and Dr. Montgomery. He names these defendants in both their individual and official capacities. "[A] suit against a government official in his official capacity is functionally equivalent to a suit against the employing governmental entity." *King v. City of Crestwood*, 899 F.3d 643, 650 (8th Cir. 2018). Since the Butler County Sheriff's Department is not a legal entity subject to suit, Plaintiff's claims against these Defendants in their official capacities are actually claims against Butler County as the employing governmental entity.

Butler County could be liable only "if a county-wide 'policy or custom' was to blame." *Leonard v. St. Charles Cnty. Police Dep't*, 59 F.4th 355, 363 (8th Cir. 2023) (quoting *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999)); *see also Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 691 (1978). Here, Plaintiff did not plead facts that plausibly suggest such a policy or custom even existed, let alone that it was to blame. Thus, his claims against Butler County—his claims against these Defendants in their official capacities—must be dismissed. *See Stone*, 364 F.3d at 914 (quoting *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (explaining that even for a pro se plaintiff, the court "will not supply additional facts" nor "construct a legal theory for plaintiff that assumes facts that have not been pleaded")).

*Defendant Kellis Thompson*

Plaintiff claims Officer Thompson used excessive force during Plaintiff's arrest in violation of the Fourth Amendment. Plaintiff alleges that he told officers he had a broken right shoulder and was on his way to the hospital. He asked to be cuffed in front of his body as to not exacerbate his shoulder injury. Disregarding this request, Officer Thompson allegedly cuffed Plaintiff from

the back with his palms outward. And, importantly, in doing so, Plaintiff alleges that Officer Thompson needlessly "twisted" Plaintiff's arm at an angle that does not even accommodate being handcuffed, causing Plaintiff severe pain.

Thus, as alleged, this case is not one where Officer Thompson needed to handcuff Plaintiff for safety reasons and, in doing so, merely caused Plaintiff incidental pain or unavoidable discomfort. *See McDonough v. Anoka Cnty.*, 799 F.3d 931, 946 (8th Cir. 2015) (noting that in evaluating a complaint, "[c]ourts should consider whether there are lawful, 'obvious alternative explanation[s]' for the alleged conduct"). Viewing the facts in the light most favorable to Plaintiff, as is proper at this stage, the Court finds that Plaintiff has stated a plausible claim for unlawful use of force against Officer Thompson. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) ("[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable" or "'that a recovery is very remote and unlikely'"). The Court will issue service on Officer Thompson in his individual capacity.

*Defendant Dr. Christopher Montgomery*

Plaintiff states he was jailed for two years at the Butler County Justice Center. He states that he went in with a broken right shoulder and he only saw Dr. Montgomery twice in two years. Plaintiff states Montgomery "denied [him] medical attention on getting [his] shoulder bone fixed."

At all relevant times, Plaintiff was a pretrial detainee, so his constitutional claims fall within the ambit of the Fourteenth Amendment. *See Morris v. Zefferi*, 601 F.3d 805, 809 (8th Cir. 2010). However, the Fourteenth Amendment provides at least as much protection to pretrial detainees as the Eighth Amendment does to convicted prisoners. *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004). Accordingly, a pretrial detainee's medical claims are analyzed under the

Eighth Amendment's deliberate indifference standard. *See Grayson v. Ross*, 454 F.3d 802, 808 (8th Cir. 2006).

Under the Eighth Amendment, to demonstrate constitutionally inadequate medical care, the inmate must show that a prison official's conduct amounted to deliberate indifference. *Dulany v. Carnahan*, 132 F.3d 1234, 1237–38 (8th Cir. 1997). To establish deliberate indifference, a plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials actually knew of and disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019); *see also Hamner v. Burls*, 937 F.3d 1171, 1177 (8th Cir. 2019).

Viewing the facts in the light most favorable to plaintiff, his broken shoulder was not treated for two years, despite his medical complaints. On initial review, the Court finds that plaintiff has stated a plausible claim against Dr. Montgomery for deliberate indifference to a serious medical need. The Court will issue service as to Dr. Montgomery in his individual capacity.

*Defendants Damien Smith and Randal Huddleson*

Finally, Plaintiff names two Butler County Sheriff's Deputies as Defendants, Damien Smith and Randal Huddleson. Although Plaintiff identifies these individuals as defendants in his Complaint form, he does not name them in the body of the Complaint. Simply placing a defendant's name in the caption is not enough to assert their responsibility. *See Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993) (agreeing with district court dismissal of two defendants who were named as defendants in the complaint but who had no factual allegations made against them). Plaintiff has not alleged any facts from which the Court could find these Defendants violated his constitutional rights. The Court will dismiss these Defendants without prejudice.

**Motion for Appointment of Counsel**

Finally, plaintiff has filed a motion to appoint counsel. The motion will be denied at this time. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual issues nor legal issues in this case appears to be complex. The Court may consider future motions for appointment of counsel as the case progresses if Plaintiff can show the factors warrant appointment.

## CONCLUSION

For these reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in the District Court Without Prepaying Fees and Costs, Doc. [2], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff must pay an initial partial filing fee of **$3.58** within **thirty (30) days** of the date of this Memorandum and Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his

name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the Complaint as to Defendants Kellis Thompson and Dr. Christopher Montgomery in their individual capacities at the addresses Plaintiff provided.

**IT IS FURTHER ORDERED** that Plaintiff's claims brought against Defendants Kellis Thompson and Dr. Christopher Montgomery in their official capacities are **DISMISSED** without prejudice under 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that Plaintiff's claims brought against Defendants the Butler County Sheriff's Department, Damien Smith, and Randal Huddleson are **DISMISSED** without prejudice under 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel, Doc. [3], is **DENIED** without prejudice.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 15th day of August 2023.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE