**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| EDWARD DENNIS RODGERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:23-cv-00077-SNLJ |
| | ) | |
| KELLIS THOMPSON AND | ) | |
| CHRISTOPHER MONTGOMERY, | ) | |
| | ) | |
| Defendants. | ) | |

<u>**MEMORANDUM AND ORDER**</u>

This matter comes before the court on an "Objection and Motion to Respond." Plaintiff, who is *pro se*, filed this document stating his objection to defendants' alleged request for plaintiff to pay defendants' attorneys' fees.  Though not stated in plaintiff's motion, this ostensibly refers to the portion of defendant Thompson's answer to plaintiff's complaint in which defendant Thompson states that "should [defendant Thompson] prevail on any of Plaintiff's claims, [defendant Thompson] is entitled to his reasonable costs and attorney's fees…" [Doc. 14 at 8.]

Plaintiff's objection is unnecessary and premature.  Under Rule 54 of the Federal Rules of Civil Procedure, a claim for attorney's fees is normally made by motion after judgment is entered in a case.  *See* Fed. R. Civ. P. 54(d).  Neither defendant has filed a motion for attorney's fees, and judgment has not been entered in this case.  Consequently, it is not proper at this time for plaintiff to submit a motion to the Court expressing his objection to defendants recovering attorneys' fees.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's objection and motion to respond

[Doc. 35] is DENIED.

Dated this 20th day of May, 2024

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE