# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| EDWARD DENNIS RODGERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:23-cv-00077-SNLJ |
| ) | |
| KELLIS THOMPSON AND ) | |
| CHRISTOPHER MONTGOMERY, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter comes before the court on a motion to take depositions. [Doc. 39.] Plaintiff, who is *pro se*, submitted this motion requesting to take depositions of each of the defendants. Both defendants object to this request on the basis that plaintiff has not demonstrated that he would be able to comply with the requirements for taking a deposition set forth in the Federal Rules of Civil Procedure. [Doc. 47 at 2–4]; [Doc. 51 at 2–3.]

The Federal Rules of Civil Procedure require that a party seeking to conduct a deposition bear the costs of recording such deposition. Fed. R. Civ. P. 30(b)(3). Plaintiff is proceeding in forma pauperis in this case, and the Court thus doubts his ability to pay for the depositions of defendants. This Court has previously ruled that a "plaintiff is required to pay for the costs of a court reporter or witness fees [in the context of a deposition], even though he is proceeding in forma pauperis." *Wagner v. Gober*, No. 4:15-cv-1789-CAS, 2017 U.S. Dist. LEXIS 1353, at *3 (E.D. Mo. Jan. 5, 2017).

Moreover, "[t]his Court prefers that pro se prisoner Plaintiffs utilize interrogatories and discovery requests, rather than depositions, in obtaining discovery from other parties." *Price v. Larkins*, No. 4:10-cv-1738-AGF, 2011 WL 2416383, at *1 (E.D. Mo. June 13, 2011).  This preference stems from "several procedural and logistical difficulties inherent in taking depositions" in the manner required by the Federal Rules of Civil Procedure, particularly those pertaining to deposition recording.  *Johnson v. Neiman*, No. 4:09-cv-0689-JCH, 2010 WL 1740365, at *2 (E.D. Mo. Apr. 30, 2010); *see* Fed. R. Civ. P. 30(c), 31(b).

The Court will at this time deny plaintiff's motion to take depositions of the defendants because he has shown neither his ability to cover the costs of such depositions as required by the Federal Rules of Civil Procedure nor reason to override this Court's preference for pro se prisoner plaintiffs to conduct discovery via interrogatories and discovery requests, rather than depositions.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to take depositions [Doc. 39] is DENIED.

Dated this 22nd day of May, 2024

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE