UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| EDWARD D. RODGERS, II, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:23-cv-00077-SNLJ |
| KELLIS THOMPSON and DR. CHRISTOPHER MONTGOMERY, | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendants' motion to dismiss pursuant to Local Rule 2.06 (FRCP 45). [Doc. 86]. For the reasons set forth below, the motion to dismiss is **DENIED**.

**I.    RELEVANT BACKGROUND**

Plaintiff filed the instant action on May 4, 2023, alleging violations of his civil rights under 42 U.S.C. § 1983. [Doc. 1]. Defendants have now filed a motion to dismiss pursuant to Local Rule 2.06 (FRCP 45) alleging that plaintiff has failed to notify the defendants of any change in address; and, as a result, defendants have not been able to propound additional discovery requests upon the plaintiff. [Doc. 86]. Plaintiff filed a response to defendants' motion to dismiss; but, the response does not address the allegations in the motion to dismiss – instead arguing the facts of the underlying civil rights action under 42 U.S.C. § 1983. [Doc. 98].

Upon closer review of the record, plaintiff was originally housed at Farmington Correctional Center, 1012 W. Columbia Street, Farmington, Missouri 63640.  [Doc. 1]. Then, on November 15, 2024, plaintiff filed a notice of change of address to Ste. Genevieve County Jail, 5 Basler Drive, Ste. Genevieve, Missouri 63670.  [Doc. 72]. Plaintiff then filed another notice of change of address on March 10, 2025, indicating his new address was c/o Amen Center, Edward Rodgers II, 3600 State Hwy N, Advance, Missouri 63730.  [Doc. 80].  Another notice of change of address was filed on April 29, 2025, indicating a new address of 950 Fay Street, Poplar Bluff, Missouri 63901.  [Doc. 83].  Plaintiff's newest filings with this court now indicates an address of 706 Emma Street, Poplar Bluff, Missouri 63901 (although a formal notice of change of address was not filed).  [Doc. 98].

## II.     LEGAL STANDARD

Eastern District of Missouri Local Court Rule 2.06 (FRCP 45) deals with "Self-Represented Litigant Actions."  E.D.Mo. L.R. 2.06.  Section B specifically deals with "Change of Address" and says:

> "Every self-represented party shall promptly notify the Clerk and all other parties to the proceedings of any change in his or her address and telephone number.  If any mail to a self-represented plaintiff or petitioner is returned to the Court without a forwarding address and the self-represented plaintiff or petitioner does not notify the Court of the change of address within thirty (30) days, the Court may, without further notice, dismiss the action without prejudice."

E.D.Mo. L.R. 2.06(B).

### III.   DISCUSSION

*Pro se* litigants are <u>not</u> excused from compliance with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  However, a *pro se* litigant who does not engage in a course of intentional delay or contumacious conduct should not be subject to a drastic sanction of dismissal.  *See Brown v. Frey*, 806 F.2d 801, 804 (8th Cir. 1986).

Here, plaintiff has actively participated throughout the course of litigation.  He has filed numerous motions and documents with the Court; and, he has actively updated his address pursuant to Local Rule 2.06 (FRCP 45) at least 3 times.  It is defendants who originally mailed their third supplemental request for production of documents on February 28, 2025, to the wrong address.  [Doc. 86-1].  At that time, plaintiff had already filed with the court a notice of change of address to Ste. Genevieve County Jail.  [Doc. 72].  Thereafter, defendants never filed any motions or notices with this Court advising the Court of their difficulty in serving discovery upon plaintiff.  Further, defendants never sought to extend the discovery cutoff in an effort to avoid the prejudice they now claim in their motion of not being able to obtain discovery responses.  In fact, defendants have now filed a motion for summary judgment.  [Docs. 88, 95].  There is simply not a sufficient basis for this Court to dismiss plaintiff's complaint pursuant to Local Rule 2.06 (FRCP 45).

### IV.   CONCLUSION

Based upon the foregoing, plaintiff should not be subject to the drastic sanction of dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss [Doc. 86] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff shall notify the Clerk and all other parties to the proceeding of his current address and telephone number within thirty (30) days of this Order.

Dated this 8th day of September, 2025.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE